## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

_____
                                            )
**ZURU INC.,**                              )
                                            )   **Civ. Action No.  6:18-cv-132**
         **Plaintiff,**                     )
                                            )
**v.**                                      )   **JURY TRIAL DEMANDED**
                                            )
**ONTEL PRODUCTS CORPORATION,**             )
                                            )
         **Defendant.**                     )
_____     )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ZURU Inc. ("ZURU" or "Plaintiff"), by counsel, files this complaint against defendant Ontel Products Corporation ("Ontel" or "Defendant"), and in support thereof, states as follows:

### NATURE OF THE ACTION

1.     This is a patent infringement action arising under the United States patent laws, 35 U.S.C. §§ 1 *et seq*., in which Plaintiff asserts infringement of U.S. Design Patent D813,317 by Defendant's manufacture, use, offer for sale, sale, or import in/into the United States of the product known as "Build Bonanza."  Plaintiff is seeking an injunction prohibiting further sales of the infringing product, as well as monetary damages and related remedies.

### THE PARTIES

2.     Plaintiff ZURU Inc. is a corporation registered under the laws of the British Virgin Islands and a Hong Kong registered company with its principal place of business in Kowloon, Hong Kong.

3.     Defendant Ontel is a corporation organized under the laws of the State of New Jersey with its principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.  Ontel distributes and sells products, such as the accused "Build Bonanza" product, through retail stores throughout the country, including in "As Seen On TV" sections and pallet displays in retail stores. Ashok "Chuck" Khubani is the founder and CEO of Ontel.

## JURISDICTION AND VENUE

4.     This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1, *et seq*.

5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.     Defendant is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district. In addition, upon information and belief, Defendant (directly and/or through a distribution network) has regularly placed (and/or intends to regularly place) infringing products in the stream of commerce with the knowledge and/or understanding that such products will be sold in Texas and in this District. Defendant is subject to the general jurisdiction of this Court because it has regular and systematic contacts with this forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b).  Defendant Ontel has committed one or more infringing acts in this District.  Upon information and belief, Defendant "resides" in this District because (1) there is a physical place in this District from which the business of Defendant is carried out, including in the As Seen on TV sections in retail stores located in this District, (2) Defendant's business with these retail stores is regular and established, and (3)

Defendant has established the place of business by owning, leasing, and/or exercising other attributes of possession or control over the place, including by owning, leasing, and/or controlling the placement, sales, maintenance, and management of its products in at least the As Seen on TV sections and pallet displays in retail stores located in this District.  Upon information and belief, Defendant also pays third-party agents to monitor and manage these As Seen on TV sections within retail stores in this District.

**THE PATENT-IN-SUIT**

8.     On March 20, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued to assignee Chrome Cherry United States Patent No. D813,317 ("the '317 Patent"), entitled "TAPE FORMING A TOY BUILDING BLOCK BASE."  A copy of the '317 Patent is attached as Exhibit A.

9.     As exclusive licensee of the '317 Patent, ZURU Inc. has standing to sue for infringement.

**FACTS**

10.     Max Basler, Anine Kirsten, and Jaco Kruger (collectively, the "Inventors") invented an innovative toy product first marketed under the name "Nimuno Loops" and now called "Mayka Toy Block Tape.

11.     The Inventors are members of the South African company, Chrome Cherry.

12.     Max Basler and Anine Kirsten are longtime friends and graduates of the B-Tech School of Industrial Design at Cape Peninsula University of Technology.  They work as industrial product designers at Chrome Cherry.

13.     In 2016, Mr. Basler and Ms. Kirsten visited the New York Toy Fair.  Inspired by the innovation they witnessed at the fair, they returned to South Africa with the goal of updating the classic buildable block toy.

14.     Mr. Basler's and Ms. Kirsten's efforts were encouraged by Jaco Kruger, CEO of Chrome Cherry.   Under Mr. Kruger's leadership, Chrome Cherry had achieved industry recognition and market success with products such as a creative redesign of a children's push bicycle sold as the "YBike."

15.     Mr. Basler's and Ms. Kirsten's final product consisted of rolls of flexible building block tape compatible with the products of major toy lines such as Lego®, Mega Bloks®, and Creo®.  The product was initially marketed under the name "Nimuno Loops," and is cuttable, bendable, waterproof, and reuseable.

16.     Upon finalizing the Nimuno Loops prototype, the Inventors documented the uses of the innovative product and posted previews of the product prototype on Nimuno Loops' Facebook page on February 9, 2017.

17.      Aware that a full product launch would require a large expenditure of capital, the Inventors turned to internet crowdfunding.

18.     On March 7, 2017, the Inventors launched a campaign on the crowdfunding platform, Indiegogo.com.  *See* https://www.indiegogo.com/projects/nimuno-loops-the-original-toy-block-tape#/.

19.     Their campaign sought an initial investment of $8,000.  The campaign went viral, and in less than a week, it secured over $1 million in contributions.

20.     By April 12, 2017, the campaign was 20,050% funded.

21.     To date, the Indiegogo campaign has raised $1,647,988.

22.     With the wild success of the Indiegogo campaign, the Nimuno Loops product secured extremely favorable press coverage in the United States and internationally.

23.     *USA Today* touted the product as "2017's best invention." *Huffington Post* labeled the product "genius," *Gizmodo* called it "a game-changer," and *Inc.com* lauded it as an "inventive product that opens up an entirely new universe."

24.     On or about March 20, 2017, shortly after the Inventors launched their Indiegogo campaign, the Inventors began negotiations to partner with ZURU to manufacture, market, and sell the Nimuno Loops product.  The parties subsequently agreed that ZURU would be the exclusive worldwide licensee of Chrome Cherry's intellectual property rights associated with the Nimuno Loops product.

25.     ZURU is a toy company owned by the Mowbray family of Cambridge, New Zealand.  From its grassroots beginnings in 2004, ZURU has grown to become an innovative leader in the toy industry.  ZURU designs, develops, manufactures, distributes, and markets a broad catalog of children's toys.

26.     The written license agreement between ZURU and Chrome Cherry grants ZURU an exclusive license to defend and enforce the intellectual property rights licensed to ZURU, including patent rights, in the Nimuno Loops product.

27.     Following execution of the license agreement, ZURU immediately began heavily investing in the development, production, and marketing of the Nimuno Loops product, which ZURU currently sells under the name "Mayka Toy Block Tape" ("Mayka Tape").  *See* http://www.maykaworld.com/.

28.     In addition, on March 30, 2017, Application No. 29/599,042 for a design patent relating to the ornamental design of a toy building block tape was filed with the USPTO.

29.     To date, ZURU has invested millions of U.S. dollars in marketing for the Mayka Tape product and in production and facilities to expand product output.

30.     ZURU's Mayka Tape is the recipient of numerous industry awards, including the 2016 National Parenting Product Award, the 2017 Hot Diggity Award, the Oppenheim Toy Portfolio Best Toy Award Gold Seal, the Parent's Choice Foundation Parent's Choice Recommended commendation, a Highly Commended award in the 2017 Rainbow Toy Awards, and a Finalist award in the 2018 Toy of the Year Awards.

31.     As described below, Ontel has engaged in a scheme to deliberately copy the extremely successful Mayka Tape product.

32.     Ontel distributes and sells its products to retail stores across the country.  Ontel's products are typically sold in the "As Seen On TV" sections in retail stores.

33.     Ontel, which is run by CEO Ashok Khubani, is no stranger to litigation, as Ontel has routinely been accused of intellectual property misappropriation.

34.     As alleged in multiple other lawsuits against Ontel, Ontel's business model involves identifying popular products invented by others and then using inexpensive overseas manufacturing and inferior materials to create low-priced knock-offs, in violation of the intellectual property rights of others.

35.     These practices have earned Ontel a disreputable name in the consumer goods industry.  In fact, in 2014, the Consumer Product Safety Commission issued a recall of Ontel's Isometric exercise devices.

36.     Ontel was quick to rush to market with a knock-off of the highly popular Mayka Tape product.

37.     Immediately after the Inventors launched their successful March 2017 Indiegogo campaign for Nimuno Loops, Ontel deliberately copied that unique product.  And one month later in April 2017, Ontel began offering for preorder its "Build Bonanza" product, a knock-off that looks virtually identical to the Nimuno Loops/Mayka Tape product.  Ontel's Build Bonanza product also functions in the exact same manner as ZURU's Mayka Tape product.  *See* https://www.buildbonanza.com.

38.     Ontel has never obtained a license from either ZURU or Chrome Cherry to manufacture, market, or sell the Build Bonanza copy-cat product.  Rather, Ontel simply chose to knock off ZURU's and Chrome Cherry's successful product.

39.     Below is a side-by-side comparison of ZURU's Mayka Tape product and Ontel's Build Bonanza product:



**Mayka Tape**          **Build Bonanza**

40.     Ontel has not obtained permission from ZURU to use the designs in the asserted design patent.  By way of example only, as the side-by-side comparisons shown below reveal, Ontel has misappropriated ZURU's patented toy block tape design in the accused Build Bonanza product.

| '317 Patent | Accused Build Bonanza |
|---|---|
|  |  |
| |  |

| '317 Patent | Accused Build Bonanza |
|---|---|
|  FIG. 17 <br><br>  FIG. 21 |  |
|  FIG. 42 |  |

| '317 Patent | Accused Build Bonanza |
|---|---|
|  | |

## COUNT I
## INFRINGEMENT OF THE '317 PATENT

41.     Plaintiff realleges and incorporates by reference all of the above paragraphs of this complaint as if fully set forth herein.

42.     Plaintiff is the exclusive licensee of the entire right, title, and interest in the '317 Patent.

43.     Ontel has infringed and continues to infringe the '317 Patent by manufacturing, using, importing, distributing, offering to sell, and/or selling in the United States the Build Bonanza product, which embodies the design covered by the '317 Patent.  Ontel's infringing activities violate 35 U.S.C. § 271.

44.     Ontel has had knowledge of the '317 Patent at least as early as the date of service of this complaint.

45.     Ontel's continued infringement of the '317 Patent is willful.

46.     Plaintiff is, and will continue to be, damaged and irreparably harmed by Ontel's infringement, which will continue unless Ontel is enjoined by this Court.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

A.     A judgment holding Ontel liable for infringement of the '317 Patent.

B.     A temporary restraining order, preliminary injunction, and permanent injunction against Defendant, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '317 Patent, including without limitation, an injunction against offers for sale and future sales of the infringing product or any colorable imitation thereof;

C.     A judgment that the '317 Patent is duly and legally issued, valid, and enforceable;

D.     An accounting for damages and an award of damages adequate to compensate for Ontel's infringement of the '317 Patent, and in no event less than a reasonable royalty for Ontel's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

E.     Restitutionary relief against Ontel in favor of Plaintiff, including disgorgement of wrongfully obtained profits pursuant to 35 U.S.C. § 289 and any other appropriate relief;

F.     A judgment holding that Defendant's infringement of the '317 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

G.     A judgment holding that this action is an exceptional case and an award to Plaintiff for its attorney's fees and costs pursuant to 35 U.S.C. § 285 and other authority;

H.     A judgment that Plaintiff be awarded its costs incurred herein; and

I.      Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.


Dated:  March 20, 2018                    Respectfully submitted,


                                          */s/ Eric H.  Findlay*
                                          Eric H. Findlay
                                          Texas State Bar No. 00789886
                                          Debby Gunter
                                          Texas State Bar No. 24012752
                                          Findlay Craft, P.C.
                                          102 N. College Ave, Ste. 900
                                          Tyler, TX 75702
                                          903-534-1100 (t)
                                          903-534-1137 (f)
                                          efindlay@findlaycraft.com
                                          dgunter@findlaycraft.com

                                          Thomas M. Dunlap (Admitted E.D. Tex./VA Bar
                                          No. 44016)
                                          David Ludwig (Admitted E.D. Tex./VA Bar No.
                                          73157)
                                          Eric Olavson (Admitted E.D. Tex./VA
                                          Bar No. 87872)
                                          Dunlap Bennett & Ludwig PLLC
                                          211 Church Street, SE
                                          Leesburg, Virginia 20175
                                          (703) 777-7319 (t)
                                          (703) 777-3656 (f)
                                          tdunlap@dbllawyers.com
                                          dludwig@dbllawyers.com
                                          eolavson@dbllawyers.com

                                          Cortland C. Putbrese (Admitted E.D. Tex./ VA Bar
                                          No. 46419)
                                          Dunlap Bennett & Ludwig PLLC
                                          8003 Franklin Farms Drive
                                          Suite 220
                                          Richmond, Virginia 23229
                                          (804) 977-2688 (t)

(804) 977-2680 (f)
cputbrese@dbllawyers.com

Jeff Ahdoot (admitted *pro hac vice*)
Dunlap Bennett & Ludwig PLLC
1717 Pennsylvania Avenue
Suite 1025
Washington, DC 20006
(202) 316-8558 (t)
(703) 777-3656 (f)
jahdoot@dbllawyers.com

Brian M. Koide
Admitted E.D. Tex/VA Bar No. 46,329
Kevin T. Streit
Admitted E.D. Tex/VA Bar No. 45024
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd #550
Vienna, VA 22182
703-442-3890 (t)
703-777-3656 (f)
bkoide@dbllawyers.com
kstreit@dbllawyers.com

*Counsel for Plaintiff ZURU Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2018, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system.  This document will be served on Defendant in

accordance with the Federal Rules of Civil Procedure.

*/s/   Eric H. Findlay*
Eric H. Findlay